IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HENNING,

        Petitioner,

v.                                                No. CIV 08-328 RB/LFG

ALLEN COOPER, Warden,
and the ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

        Respondents.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on Petitioner Linda Henning's ("Henning") "Motion for Reconsideration to Order Entered - Doc. #21 Filed on 3-20-09." Henning's motion to reconsider was filed March 30, 2009. [Doc. 23.] There is no need for a response. The Court will deny the motion to reconsider as explained below.

On March 26, 2008, Henning filed a § 2254 motion with lengthy attachments. [Doc. 1.] She also filed several addenda to her federal habeas motion. [Doc. Nos. 6, 16.] On August 7, 2008, Respondents filed their Answer to Henning's motion and included a number of the state court pleadings as attachments. [Doc. 12.]

On August 7, 2008, Respondents also filed a motion to dismiss some of the many claims raised by Henning in her federal habeas petition, based on grounds that she failed to exhaust her state court remedies. [Doc. Nos. 13, 14.] Henning filed a response to the motion to dismiss. [Doc. 15.]

The Chief United States Magistrate Judge issued a report and recommendation (R&R) on February 13, 2009 [Doc. 18] recommending that a number of Henning's claims proceed and that a

number of them be dismissed for failure to exhaust state court remedies. On March 3, 2009, Henning filed objections as to some of the Magistrate Judge's findings, but admitted that some of the claims were not exhausted. [Doc. 20.]

On March 20, 2009, after conducting a *de novo* review of the Magistrate Judge's R&R to which Henning objected, the Court issued an Order amending in part and adopting the R&R, with the result that some of Henning's claims were dismissed and some were allowed to proceed. [Doc. 21.] In its Order, the Court observed that Henning, for the first time, attempted to rely on a pleading she referred to as a "state court addendum" to show exhaustion of some claims. [Doc. 21.] The Court stated as follows:

> [T]he Court does not find an "addendum" to the state habeas petition, nor did Henning refer to an addendum in her response to the Motion to Dismiss. In addition, Respondents did not attach an addendum as an exhibit to their Answer or identify that an addendum was filed in state court. Finally, the state court judge, in his decision denying the state habeas petition, did not refer to an addendum. The Court determines it is too late to raise possible claims buried in purported additional pleadings when this matter was already fully briefed by the parties with respect to the motion to dismiss. Thus, the Court disregards Ms. Henning's references to a state habeas addendum.

[Doc. 21, pp. 7-8.]

Henning now attaches the "state court addendum" to her motion for reconsideration, asking that the Court reconsider its decision to dismiss certain unexhausted claims identified in paragraph numbers 43, 54, 66, 111, 144, 145, 146, and 175 of the R&R [Doc. 18]. [Doc. 23, p. 1.] She claims that she sent the state habeas addendum to the Second Judicial District Court on July 9, 2007 but that it was not filed in state court. Instead, it was filed on September 11, 2007 in the New Mexico Supreme Court. [Doc. 23, attachment.]

The document provided by Henning is entitled "Addendum to Pro Se Writ of Habeas Corpus," and contains the Second Judicial District Court in the caption. It is file stamped in the New

2

Mexico Supreme Court on September 11, 2007. Written over the first page are the words and numbers: "30,648 EXHIBTS [sic]." The number "30,648" was the number assigned to Henning's Petition for Writ of Certiorari filed in the New Mexico Supreme Court on August 27, 2007.

There is no indication why this pleading might not have been accepted by the Second Judicial District Court for filing or whether it was or was not considered by the New Mexico Supreme Court. Notwithstanding these questions, the fact remains that Henning had the pleading available to her since she submitted it for filing in July 2007, and failed to alert the federal court of its existence until she filed objections in March 2009. She provides no explanation why she failed to refer to the pleading in her response to the motion to dismiss or why she did not include it along with her numerous other attachments to voluminous pleadings.

As stated previously, the Court did not consider the state court addendum in determining the issue of exhaustion of her federal habeas claims. Henning provides no grounds why the Court should consider the addendum at this late date, nor why the Court should revisit its decision to dismiss certain claims for failure to exhaust.

IT IS THEREFORE ORDERED that Henning's motion for reconsideration [Doc. 23] is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE